IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KELVIN DEXTER and ARTYSHA HOLSTON, <br><br>            Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY; <br><br><br>            Defendant. <br> _____ <br> GORDON CLAYTON, CODY VEST, RICKY LEWIS, BRUCE SILVEIRA, JERRY COOMBS, and JEFFERY HOWE, <br><br>            Plaintiffs, <br><br> FORD MOTOR COMPANY; THE STATE OF UTAH; JASON BOSKO, individually; BARRY SANNS, individually; and, HANK GALETKA, individually, and BUTTERFIELD FORD, <br><br>            Defendants. | ORDER & MEMORANDUM DECISION <br><br><br><br> Consolidated Case No. 2:01CV595TC |

In this action, Plaintiffs Gordon Clayton, Cody Vest, Ricky Lewis, Bruce Silveira, Jerry

Coombs, and Jeffrey Howe ("Plaintiffs"), seek recovery for injuries sustained in a van accident

on December 7, 2000.  At the time of the accident, Plaintiffs were inmates at the Utah State

Prison and were being transported to the Beaver County Jail.  This suit was consolidated with a

lawsuit based on nearly identical factual allegations filed by Kelvin Dexter, another inmate, and Artysha Holston, who claimed to be Mr. Dexter's common law wife. Plaintiffs have alleged five causes of action against Defendants the State of Utah, Jason Bosko and Hank Galetka including three civil rights claims under 42 U.S.C. § 1983, one claim under the Utah Constitution, and one state law negligence claim. This matter is now before the court on Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

Plaintiffs contend that they were injured due to Officer Bosko's inattentive and erratic driving while he was driving them to the Beaver Country Jail and because Plaintiffs' seatbelts were not fastened despite their requests. The court finds that the Plaintiffs have not alleged conduct sufficiently reckless or outrageous to support their § 1983 claim for violations of the Eighth and Fourteenth Amendments. And Plaintiffs' § 1983 claim for failure to provide adequate medical care fails because the named Defendants did not provide Plaintiffs' medical care. Absent a constitutional violation, Plaintiffs' claim for failure to supervise also fails. Finally, the court declines to exercise its supplemental jurisdiction over the state law claims.

## Legal Standard

Defendants bring the current motion under Rule 12(c) of the Federal Rules of Civil Procedure. A Rule 12(c) motion for judgment on the pleadings is treated as a motion to dismiss under Rule 12(b)(6). <u>Mock v. T.G. & Y. Stores Co.</u>, 971 F.2d 522, 528 (10th Cir. 1992). Rule 12(b)(6) authorizes a court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion, a court must accept all well-pleaded facts as true. <u>See</u> <u>Ruiz v. McDonnell</u>, 299 F.3d 1173, 1181 (10th Cir. 2002), <u>cert. denied</u> 123 S. Ct. 1908 (2003). The court must also "view all reasonable inferences in favor

of the plaintiff, and the pleadings must be liberally construed." Id.  The Tenth Circuit has noted that a "motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery." Id.

## Factual Allegations

The Plaintiffs allege that while being transported to the Beaver County Jail they were handcuffed and shackled, but not seatbelted, a violation of prison policy.  (First Amended Complaint at ¶¶ 11, 15, 17.)  Plaintiffs allege that the Defendants "knew that the transport of prisoners over state and federal highways involved some risk of motor vehicle accidents, with the potential to cause serious bodily injury or death to inmate passengers." (Id. at ¶ 46.)  Even though Defendants knew the prison policy, they did not fasten the Plaintiffs' seatbelts and twice refused the Plaintiffs' requests to have their seatbelts fastened.  (Id. at ¶ 47.)

According to their Amended Complaint, Officer Bosko, the driver of the van, "was driving too fast for existing road conditions and was taking corners so sharply that he was throwing the inmates around in the van.  ((First Amended Complaint at ¶ 21.)  Plaintiffs further allege that Officer Bosko "was reaching for snacks and drinks on the floor while going at excessive speeds" and speaking with another prison guard  (Id. at ¶ 23.)  When the Plaintiffs told Officer Bosko to "watch his driving," he apparently "looked back and pulled faces" at the Plaintiffs.  (Id. at ¶ 49.)

Plaintiffs allege that Officer Bosko was "weaving back and forth, attempting to pass when he should not have, and by speeding. [He] drove the van out if its lane and made sharp corrections and threw the [Plaintiffs] around and caused them pain." (Id. at ¶ 22) When the

Plaintiffs complained, Officer Bosko responded: "You are on the Beaver Express and will be there in 2 ½ hours." (Id. at 50.)

<u>Plaintiffs' Allegations of Misconduct Do Not Show Recklessness and Cannot Support a Claim for Violation of the Eighth Amendment.</u>

In order to properly state a claim under the Eighth Amendment, the Plaintiffs must show that the risk of which they complain is a risk that today's society would not choose to tolerate. <u>See</u> <u>Helling v. McKinley</u>, 509 U.S. 25, 36 (1993). "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994)(internal quotations omitted). In <u>Dexter v. Ford Motor Co.</u>, 92 Fed. Appx. 637 (10th Cir. 2004) (unpublished), the Tenth Circuit addressed the sufficiency of Kelvin Dexter's nearly identical factual allegations arising out of the same incident at issue here.

The Tenth Circuit's opinion in <u>Dexter</u> focused on whether the failure to seatbelt prisoners was sufficient to state a claim for an Eighth Amendment violation. The court wrote: "As praiseworthy as buckling up may be, we hold that failure to seatbelt an inmate does not violate the Constitution." <u>Id.</u> at 643. Although the Tenth Circuit's holding in <u>Dexter</u> was limited to the question of whether a failure to seatbelt stated a cause of action under the Eighth Amendment, the court provided this guidance:

> We might ordinarily remand to provide Dexter an opportunity to amend his complaint to state reckless driving as an element of his Eighth Amendment Claim. However, he did not move for an additional amendment of his complaint in the district court, <u>and the record and briefs are bereft of any indication Dexter</u>

4

advances this theory or possesses sufficient facts to support it.

Id. at 641 n. 3 (emphasis added).

Here, Plaintiffs' First Amended Complaint does not specifically allege recklessness.  But the subsequent pleadings and the argument of counsel indicate that Plaintiffs are asserting that Officer Bosko was driving recklessly at the time of the accident.  Plaintiffs' factual allegations are necessarily almost identical to those of Kelvin Dexter because they arise from the same incident.[1]   In view of the Tenth Circuit's statement in Dexter, the court concludes that Plaintiffs' allegations do not support a claim under the Eighth Amendment.

Plaintiffs Have Not Alleged Sufficiently Outrageous Conduct to Support Their Claim for a Violation of the Fourteenth Amendment.

In order to state a claim for violation of their Fourteenth Amendment rights, Plaintiffs must allege facts to support a finding that the Defendants acted with deliberate or reckless intent in a manner that shocks the conscience.  Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 276 (10th Cir. 1996).  An act is reckless when it reflects a "wanton or obdurate disregard or complete indifference to risk."  Medina v. City and County of Denver, 960 F.2d 1493, 1496 (10th Cir. 1992); see also Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 528 (10th Cir. 1998) ("the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." (quoting  County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998))).

---

[1]Mr. Dexter's complaint alleged that the inmates were not seatbelted, that the inmates asked to be seatbelted and Officer Bosko specifically refused to do so, that Officer Bosko was speeding, and that Officer Bosko diverted his attention from the road while reaching for food and drink. See Dexter, 92 Fed. Appx. at 640.  (See also Kelvin Dexter Complaint, Dkt. 1, at ¶¶ 10-12, 17.)

The allegations that Officer Bosko was swerving, or speeding, or even eating while driving, do not shock the conscience.

### Plaintiffs Have Failed to Show an Affirmative Link Between the Defendants and their Claim of Failure to Provide Medical Care.

Plaintiffs allege that, after the accident, appropriate medical attention was not provided, that they were kept shackled while in the hospital, and that they were refused proper medical care both while in prison and after release.  Defendants contend that Plaintiffs have failed to demonstrate the required link between the medical care allegations and the named Defendants.

A suit under section 1983 requires a showing of an affirmative link between each defendant and the constitutional violation.  See Bauchamn v. West High School, 900 F. Supp. 254, 264 (D. Utah 1995) (citing Rizzo v. Goode, 423 U.S. 362 (1976)).  In order to meet this burden, a plaintiff must show personal participation by each defendant in the actions connected with the alleged deprivation of rights.  Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981); Jojola v. Chavez, 55 F.3d 488, 493-94 (10th Cir. 1995).

Plaintiffs have not directed the court to allegations establishing an affirmative link between the failure to provide medical care and the Defendants.  And Plaintiffs have submitted no legal argument opposing Defendants' motion on this cause of action.  Accordingly, the court has carefully reviewed Plaintiffs' allegations and finds that Defendants' argument has merit.

### Plaintiffs' Claim for Failure to Supervise is not Supported by a Constitutional Violation.

Claims for failure to train or failure to supervise fail absent an underlying constitutional injury.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Webber v. Mefford, 43

F.3d 1340, 1344-45 (10th Cir. 1994); <u>Brown v. Gray</u>, 227 F.3d 1278, 1286 (10th Cir. 2000).

Because the Plaintiffs have failed to state a claim for violation of their Constitutional rights, their

claim of failure to supervise is dismissed.

 

   <u>The Court Declines to Exercise Supplemental Jurisdiction to Hear Claims Based on State Law.</u>

      Plaintiffs have also asserted a claim under Article I, section 9 of the Utah Constitution

and a claim for state law negligence.  The court may decline to exercise supplemental jurisdiction

if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Having dismissed all of Plaintiffs' federal constitutional claims, the court declines to exercise its

supplemental jurisdiction and Plaintiffs' state law claims are dismissed.

 

**ORDER**

Accordingly, Defendants' motion for judgment on the pleadings is GRANTED.

 

      SO ORDERED this 16th day of November, 2005.

               BY THE COURT:

               TENA CAMPBELL
               United States District Judge